MCMANIMON, SCOTLAND & BAUMANN, LLC
427 Riverview Plaza
Trenton, NJ 08611
609-695-6070
Andrea Dobin
Michael A. Siravo IV
*Attorneys for Plaintiff Thomas J. Orr,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>BARRY W. YELLEN,<br><br>Debtor. | Case No. 19-30274 (KCF)<br><br>Chapter 7<br><br>Honorable Kathryn C. Ferguson, Chief U.S.B.J. |
| THOMAS J. ORR, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>ROSE YELLEN,<br><br>Defendant. | Adv. Pro. No. 20- |

**COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544, 550, AUTHORITY TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h), AND RELATED RELIEF**

Thomas J. Orr, Chapter 7 Trustee (the "Trustee") in the Chapter 7 bankruptcy proceeding of Barry W. Yellen (the "Debtor"), by and through his attorneys, McManimon, Scotland & Baumann, LLC, and by way of complaint against defendant, Rose Yellen (the "Defendant"), respectfully avers as follows:

## PARTIES

1. On October 28, 2019, the Debtor filed a voluntary petition under Chapter 7 of the Title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "Petition Date").

2. On October 29, 2019, the Trustee was appointed by the Office of United States Trustee to serve as the Trustee in the Debtor's proceeding. The Trustee is duly qualified and currently serves as the Trustee.

3. Defendant is the Debtor's wife.

4. Defendant is the record owner of certain real property commonly referred to as 2 Glenwood Circle, East Windsor, New Jersey 08520 (the "Property").

5. The Defendant and the Debtor reside together at the Property.

## JURISDICTION AND VENUE

6. This is a core proceeding brought pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. §§ 105, 363, 541, 544, and 550, and 28 U.S.C. § 157(b)(2)(A), (H), (N) and/or (O).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

8. The venue of this proceeding is in the District Court of New Jersey pursuant to 28 U.S.C. §1409(a).

## BACKGROUND

9. In November 1972, the Debtor registered his business, American Sewing & Vacuum Center ("American Sewing").

10. The Debtor is the 100% owner of American Sewing.

11. The Debtor and Defendant purchased the Property on or about September 16, 1977.

12. On or about January 8, 2001, American Sewing applied for a $50,000 line of credit (the "2001 Application") from PNC Bank, National Association ("PNC").

13. On or about July 25, 2008, American Sewing applied and was approved for an increase of the PNC line of credit from $50,000 to $100,000 (the "2008 Application").

14. Both the 2001 Application and the 2008 Application included guaranties whereby the Debtor guaranteed all obligations of American Sewing.

15. To date, PNC is owed approximately $107,000 as to the lines of credit it extended to American Sewing and which were guaranteed by the Debtor.

16. On or around May 17, 2018, the State of New Jersey Division of Taxation ("Taxation") secured a judgment against American Sewing in the amount of $32,798.21 ("Taxation Judgment").

17. Interest has continued to accrue on the Taxation Judgment; Taxation has filed a proof of claim in the Debtor's case for $40,025.60, inclusive of interest and penalties (the "Taxation Claim").

18. The Taxation Judgment and the Taxation Claim arise from tax liabilities which arose between October 2011 and September 2015.

19. By deed dated July 31, 2015, *i.e.*, approximately four (4) years and three (3) months prior to the Petition Date, the Debtor transferred his interest in the Property to the Defendant for the sum of $1.00 (the "Transfer").

20. Upon information and belief, the Debtor effected the Transfer with intent to evade the claims of then-existing and/or future creditors.

21. On or about January 7, 2020, the Property was appraised at $285,000.

22. Village Capital & Investment, LLC holds the only mortgage on the Property (the "Mortgage").

23. Upon information and belief, the outstanding balance on the Mortgage is approximately $50,000.

## COUNT ONE
**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 544 and N.J.S.A. § 25:2-25(a))**

24. The Trustee repeats and realleges the allegations set forth in paragraphs 1 through 23 as set forth at length herein.

25. The Debtor transferred his interest in the Property to the Defendant with actual intent to defraud creditors.

26. As of the Petition Date, the deadline for PNC to assert a fraudulent transfer cause of action against the Defendant had not expired, *i.e.*, PNC learned of the Debtor's transfer of the Property to the Defendant less than one (1) year prior to the Petition Date.

27. The within complaint brought by the Trustee, standing in the place of PNC, is deemed timely filed pursuant to N.J.S.A. 25:2-31(a).

28. Upon information and belief, there are creditors other than PNC that had standing to pursue the fraudulent transfer claim against the Defendant.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

a. Avoiding the Transfer of the Property as a fraudulent transfer pursuant to 11 U.S.C. § 544 and N.J.S.A. § 25:2-25(a) returning the Defendant's interest in the Property to the Debtor;

b. Granting such other and/or further remedy provided for pursuant to 11 U.S.C. § 550;

c. Awarding attorneys' fees and costs; and

d.  Granting such other and further relief as is just and appropriate.

## COUNT TWO
### (Authority to Sell Co-Owner's Interest Pursuant to 11 U.S.C. § 363(h))

29.  The Trustee repeats and realleges the allegations set forth in paragraphs 1 through 23 as set forth at length herein.

30.  Following the avoidance of the Transfer, title to the Property will be in the names of the Debtor and the Defendant.

31.  The Trustee seeks authority to sell the Estate's interest in the Property for the benefit of the Estate and the Debtor's creditors.

32.  Upon information and belief, the Property is a single-family residence making partition impracticable.

33.  Upon information and belief, the sale of only the Estate's interest in the Property would yield significantly less for the Estate than the sale of the Property free of the interest of the Defendant.

34.  Upon information and belief, the benefit to the Estate of the sale of the Property free of the interest of the Defendant outweighs the detriment, if any, to the Defendant from the loss of the Property.

35.  Upon information and belief, the Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

a.  Authorizing the Trustee to sell the Defendant's interest in the Property, together with the Estate's interest therein;

b.  Awarding attorneys' fees and costs; and

    c. Granting such other and further relief as is just and appropriate.

MCMANIMON, SCOTLAND & BAUMANN, LLC
*Attorneys for Plaintiff Thomas J. Orr,*
*Chapter 7 Trustee*

Dated: February 25, 2020          By:    */s/ Andrea Dobin*
                                                         ANDREA DOBIN